# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIRTUAL FLEET MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LAND AIR SEA SYSTEMS, INC., <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> **(JURY TRIAL DEMANDED)** |

Plaintiff, Virtual Fleet Management, LLC. ("*Virtual Fleet*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Land Air Sea Systems, Inc. ("*LAS*" or "*Defendant*"). In support of this Complaint, Plaintiff alleges and complains as follows:

**PARTIES**

1. Virtual Fleet is a Texas Limited Liability Company.

2. All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by Proximity Monitoring Innovations, LLC to Virtual Fleet.

3. Upon information and belief, Defendant Land Air Sea Systems, Inc. is a corporation organized under the laws of Illinois, with its principal place of business at 2040 Dillard Court, Woodstock, IL 60098.

4. Upon information and belief, LAS manufactures, imports, uses, sells and/or offers for sale GPS devices and software that infringes the '701 Patent.

5. LAS has not been granted a license or any other rights to the '701 Patent.

6. On information and belief, LAS has generated significant sales of products incorporating the Plaintiff's technology, exposing LAS to significant liability for its infringement of the '701 Patent.

## JURISDICTION AND VENUE

7. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

8. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

9. Defendant is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district consistent with the principles of due process.  LAS transacts business, contracts to supply goods or services in this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

10. Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

11. Upon information and belief Defendant contracted with customers for services in this State and this judicial district, such as with Radio Shack dealers in at least 20 stores throughout Texas and at least with 20 Napa Auto Parts stores throughout Texas. https://www.google.com/maps/d/viewer?mid=1IQtDV2bX0IrseCG7xWqfudZYjoA&hl=en_US.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because LAS has done business, has infringed, and continues to infringe the '701 Patent within this judicial district, and this action arises from transactions of that business, including via its interactive website, contact with customers in this judicial district, and retail sales within this judicial district.

13. Upon information and belief, Defendant transacted business, contracted to supply goods or services, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

14. Upon information and belief, Defendant sells and/or advertises its products for sale to Eastern District of Texas residents to be used, shipped, and sold in this judicial district at least at the following online site: www.vehicle-tracking.com.

### SUMMARY OF THE CASE

### INFRINGEMENT OF U.S. PATENT NO. 6,958,701

15. Virtual Fleet is the owner, by assignment, of all right, title, and interest in and to the U.S. Patent No. 6,958,701 ("the '701 Patent"), titled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle." A copy of the '701 Patent is attached as Exhibit A.

16. Virtual Fleet has complied with the provisions of 35 U.S.C. § 287.

17. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contributes to infringement, and/or induces infringement of the '701 Patent by making, selling, and/or offering to sell, and/or causing others

to use, methods and systems, including, but not limited to the SilverCloud, which infringes one or more claims of the '701 Patent ("Accused Products").

18. Upon information and belief, Defendant is liable for infringement of one or more claims of the '701 Patent, including, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, but making, using, selling, offering for sale, and/or importing the Accused Products.

19. Defendant is liable for indirect infringement of the '701 Patent by inducing and/or contributing to direct infringements of the '701 Patent committed by end users of the Accused Products.

20. At least as early as March 2016, when LAS was given actual notice of the '701 Patent through Virtual Fleet's licensing agent, Defendant induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its end users. Defendant's acts of infringement has caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

21. At least from March 2016, Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for a combination covered by one or more claims of the '701 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

22. LAS has knowledge of the '701 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

23. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

24. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '701 Patent.

25. By way of example, the Accused Product satisfies each and every element of claim 1 of the '701 patent:

   a. LAS sells SilverCloud GPS which includes a means for alerting a person to the proximity of a transmitter at a first instant of time. SilverCloud provides, among other alerts, proximity of a transmitter associated with a vehicle. https://www.landairsea.com/silvercloud-real-time/.

   b. LAS makes, uses (including tests), sells and/or instructs customers to use a transmitter and receiver spatially disparate to said transmitter, said transmitter and receiver tuned to a common transmission signal. Each vehicle tracked by SilverCloud includes a transmitter to transmit, among other information, the location of the vehicle. A receiver, spatially disparate from the transmitter in each vehicle, is tuned to a common transmission signal to receive information transmitted by the transmitter, such as vehicle location, speed, etc.

c. Utilizing a threshold of said common transmission signal detectable by said receiver through the common transmission signal of the transmitter, which is detectable by the receiver, and has a threshold. The common transmission signal of the SilverCloud transmitter, which is detectable by the SilverCloud receiver, has a threshold, such as maximum transmission distance of the transmitter and/or minimum signal strength that the receiver is capable of detecting.

d. Providing a code carried by said common transmission signal detectable by said receiver; each transmitter includes a code to uniquely identify each driver/vehicle. SilverCloud uses a code carried by said common transmission signal identifying said transmitter and detectable by said receiver. Each SilverCloud transmitter includes a code to uniquely identify each driver/vehicle. Such code is received and detectable by said receiver, including to identify a particular driver/vehicle among multiple drivers/vehicles.

e. SilverCloud includes a means within said receiver for comparing said code to a plurality of stored values and responsive to a match therewith generating a signal indicative of a match. The SilverCloud receiver includes software for comparing the code sent by a particular Silvercloud transmitter with a plurality of stored values that identify drivers/vehicles. Upon receiving a particular code that matches a particular driver/vehicle, SilverCloud generates a signal indicative of the match, including for example, a signal logging the

      information associated with the driver/vehicle, such as speed, location, time driven, entry/exit into a particular geofence/region, etc.

    f.  SilverCloud makes, uses (including tests), sells and/or instructs customers to use a means to prevent at least one of said plurality of stored values from being included in said match signal generating. SilverCloud includes certain lock-outs, such as geographic based and time frame base lockouts, for preventing at least one of the said plurality of stored values from being included in said match signal generating. For example, SilverCloud includes a lockout when creating a geofence in order to prevent alerts from being generated for a particular driver/vehicle even if a match signal is detected/generated. These lockouts may be structured to occur during set times.

    g.  SilverCloud makes, uses (including tests), sells and/or instructs customers to use a means for alerting a person to a proximity of a transmitter wherein said code uniquely identifies said transmitter. The SilverCloud transmitter is "unique" for each given transmitter associated with a driver/vehicle in order to identify the particular driver/vehicle (among a plurality of drivers/vehicles) with which the transmitter is associated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that, after a trial, the Court enter judgment against Defendant as follows:

    A.     An entry of final judgment in favor of Plaintiff and against Defendant;

B. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of '701 Patent;

D. Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F. Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: October 6, 2016

By: */s/ Joseph G. Pia*
Joseph G. Pia
joe.pia@pamhlaw.com
Texas Bar No. 24093854
Chrystal Mancuso-Smith (Admitted in this District)
Utah State Bar No. 11153
cmancuso@pamhlaw.com
PIA ANDERSON MOSS & HOYT
136 E. South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010