Steele N. Gillaspey, Esq. [145935]
**GILLASPEY & GILLASPEY**
　　** sng@g-glaw.com
The NBC Tower
225 Broadway, Suite 2220
San Diego, California　　92101
Telephone:　　619.234.3700

Attorney for LAND AIR SEA SYSTEMS, INC.

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF TEXAS
## HALL COURTHOUSE - MARSHALL DIVISION

| | |
|---|---|
| VIRTUAL FLEET MANAGEMENT, L.L.C., <br><br> Plaintiff <br> v <br> LAND AIR SEA SYSTEMS, INC., <br><br> Defendant. <br> _____ | **CASE NO.** <br><br> **2:16-cv-01108-JRG** <br><br> HONORABLE J. RODNEY GILSTRAP <br> United States District Court Judge <br> District Court Judge Presiding <br><br> DATE: <br><br> TIME: <br><br> CTRM:　　106 |

## LAND AIR SEA'S MOTION AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF RELIEF UNDER RULE 60[B]

///

///

///

## I. RELIEF SOUGHT

On September 21, 2017, this Honorable Court dismissed Defendant's Counter Claims as to Declaratory Relief on grounds of invalidity of the subject '701 Patent as asserted by Plaintiff. This Honorable Court's order was, for purposes, a default judgment as against Defendant.

Defendant hereby respectfully moves this Honorable Court, under Rule 60[b][1], [6] to relieve Defendant from said Order.

## II. DEFENDANT LAND HAS GOOD CAUSE DEFENSE

The issue here is whether Defendant infringed upon Plaintiff's asserted '701 Patent. As Plaintiff has been long aware, the '701 Patent has been subject to much litigation, inclusive of before the USPTO. In point of fact, as to the '701 Patent, the USPTO/Patent Trial & Appeal Board stated that said '701 Patent was seen as unpatentable, anticipated and obvious:

> "We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Porter and Dulaney. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1-2, 4-5, 10-14, and 16 of the '701 patent would have been obvious in view of Porter and Dulaney.
>
> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 6-9 and 15 of the '701 patent would have been obvious in view of Porter, Dulaney, and Brei.
>
> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 17 of the '701 patent would have been obvious in view of Porter, Dulaney, and Sadamori.
>
> We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of anticipation based on Winkler. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1-2, 4-5, 10-14, and 16 of he '701 patent
>
> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1-2, 4-5, 10-14, and 16 of the '701 patent would have been obvious in view of Winkler and Dulaney.
>
> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 5 of the '701 patent would have been obvious in view of Winkler and Brei.

> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 6---9 and 15 of the '701 patent would have been obvious in view of Winkler and Brei.
>
> On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 17 of the '701 patent would have been obvious in view of Winkler and Sadamori."

PT&AB, IPR Case No. 2015-00397, IPR Order, 06/14/15 [**EXHIBIT 1**].

Moreover, US District Court records in different jurisdictions, inclusive of Delaware, establish that lawsuits brought by Plaintiff or Plaintiff's predecessor in interest, were dismissed - after the above USPTO proceedings. *Gillaspey Declaration*, Requests for Judicial Notice.

### III. PLAINTIFF'S KNOWLEDGE - NO PREJUDICE

The grounds/facts upon which Defendant pled its counter claims where actually well known to Plaintiff for at least some two years prior to the filing of this lawsuit in this Court. Additionally, claims construction was completed in the sister district actions - again neither surprise to nor prejudice of Plaintiff. It is further noted that the USPTO engaged in lengthy review and analysis - after significant briefing and argument by Plaintiff/Plaintiff's predecessor in interest.

There was, and is, nothing applicable to this action - as to Plaintiff claims under '701 Patent and the issue of validity - that was not already known to Plaintiff - and well prior to this action, specifically including IPR Case No. 2015-00397.

### IV. RULE 60 MET

*Fed.R.Civ.P.*, Rule 60(b) provides in pertinent part:

> On Motion and just terms, the court may relieve a party or its legal representative from a[n], order, or proceeding for the following reasons:
>
> (6) any other reason that justifies relief.

This Honorable Court is required to balance between two competing imperatives in evaluating a Rule 60[b] motion: (1) finality and (2) the need to render just decisions on the basis of all the facts. The Court properly looks to such factors as follows to shape the framework of its' consideration, amongst which are:

|   |   |
|---|---|
| 1 | (1) that (rulings/orders) should not be lightly disturbed; |
| 2 | (2) that the rule should be liberally construed in order to do |
| 3 | substantial justice; |
| 4 | (3) whether—if the judgment was a default or a dismissal in which |
| 5 | there was no consideration of the merits—the interest in deciding cases |
| 6 | on the merits outweighs, in the particular case, the interest in the finality |
| 7 | of (orders/rulings), and there is merit in the movant's claim or defense; |
| 8 | (4) whether there are any intervening equities that would make it |
| 9 | inequitable to grant relief; and |
| 10 | (5) any other factors relevant to the justice of the (proceeding) under |
| 11 | attack. |

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355-56 (5th Cir.1993).

The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Lindy Investments III v. Shakertown 1992, Inc.*, 2010 WL 10921, *2 (5th Cir. 2010).

In its determination, the Court properly takes into consideration that the Rule "[b]y its very nature,...seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of (orders) and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970)). "Rule 60(b) vests in the district courts power 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id.* (internal citations omitted).

///

///

**Default/Dismissal - Not On Merits**

This Court's September 21, 2017 Order acted akin to a default judgment, whereby a dismissal was granted - but not on the merits of the case. As discussed above, there is clear merit to Defendant's case:

1. PT&AB, IPR Case No. 2015-00397, IPR Institution Decision, 06/14/15 [**EXHIBIT 1**]. The IPR, with lengthy review and analysis, opined that the '701 Patent was unpatentable, obvious and anticipated by a line of prior art patents. Again, the IPR was with respect to litigation brought by Plaintiff's predecessor in interest, Proximity Monitoring. See also, EXHIBIT 2, Mercedes' Petition for IPR (December 9, 2014), upon which the USPTO Decision was based. *Gillaspey Declaration*, Exhibits & Requests for Judicial Notice.

2. The line of Delaware District Court cases brought by Proximity (and discussed in the IPR) based upon the '701 Patent were subsequently dismissed:

   * *Proximity v AssetWorks*, 2014-00575 (ded)
   * *Proximity v Mercedes*, 2014-00576 (ded)
   * *Proximity v Voxx Electronics*, 2014-00577 (ded)

3. Subsequent cases brought in this Honorable Court by Virtual Fleet, as successor in interest to Proximity, based on the '701 Patent, were likewise dismissed:

   * *Virtual Fleet v Telogis*    2016-00592    (txed)
   * *Virtual Fleet v US Fleet*   2016-00647    (txed)
   * *Virtual Fleet v Fleetilla*  2016-00646    (txed)
   * *Virtual Fleet v Actsoft*    2016-01075    (txed)
   * *Virtual Fleet v Clever*     2016-01107    (txed)
   * *Virtual Fleet v Position*   2017-00014    (txed)

*Gillaspey Declaration*, Requests for Judicial Notice (¶ 3, 4 above)

4. A subsequent PT&AB IPR action was instituted with respect to the '701 Patent in the matter of *Unified Patents, Inc. v Virtual Fleet*, IPR 2017-00845. Unified filed the IPR Petition based heavily on the Mercedes IPR 2015-00397, inclusive of the same prior art references/patent references of Porter, Winkler, Dulaney, Brei, and Sadamori, the Scott Andrews Declaration, and the IPR 2014-00397 Institution Decision (referenced hereinabove as EXHIBIT 1 - the '701 Patent was unpatentable, obvious and anticipated). In that IPR '845 proceeding, Plaintiff Virtual Fleet did not even file a Response. Instead, Plaintiff Virtual sought to *Terminate and Dismiss Before Institution*, to which Petitioner Unified apparently agreed. **EXHIBITS 3, 4**. *Gillaspey Declaration*, Exhibits submission & requests for judicial notice.

Defendant's assertion of invalidity of the '701 Patent has clear merit, as underscored by the US Patent & Trademark Office/Patent Trial & Appeal Board. The prior art/prior patent references submitted to the USPTO, including, but not limited to, Porter, Winkler, Dulaney, Brei, and Sadamori establish the unequivocal merit of an invalidity defense to Plaintiff's asserted '701 Patent on grounds of unpatentability on grounds of obviousness and anticipation. See, **EXHIBIT 1**, IPR Decision.

Again - this is not news to Plaintiff, as Plaintiff has had full and actual knowledge of all such facts since not later than 2014 (the December 2014 IPR filing by Mercedes).

**No Inequities to Plaintiff Such to Preclude Relief**

On just the undisputable facts as set forth above, Plaintiff cannot establish that it would be inequitable/prejudicial to it. There is certainly no surprise. To the contrary, Plaintiff has had actual knowledge of the infirmities of the '701 Patent - and the exact grounds for establishing the adverse facts of unpatentability. Moreover, Plaintiff engaged in full litigation (IPR '397) on the very facts/grounds which ultimately led to institution opinion of unpatentability. **EXHIBITS 1-3**.

## V. CONCLUSION

Defendant unequivocally has a meritorious defense to the Plaintiff's claims, as established by, *inter alia*, the US Patent & Trademark Office making determination of unpatentability in the 2014 Mercedes instituted IPR proceedings. The facts, prior art references, and the grounds for that ruling are well known and have been well known to Plaintiff since that time.

A second IPR was initiated in 2017, UPI v Virtual, which followed the prior Mercedes IPR filings/proceedings. Plaintiff terminated the UPI proceeding before a ruling on the merits (joint motion).

After the US Patent Office IPR proceedings commenced in 2014, Plaintiffs dismissed a series of cases, some 9 in total.

There can be no, and there is no, prejudice to Plaintiff in granting this motion.

The judicial policy of trying cases on their merits is appropriate to this matter. Defendant's motion is properly granted.

DATED: November 27, 2017

*/s/ Steele N. Gillaspey*
_____

Steele N. Gillaspey,
Attorney for Defendant,
LAND AIR SEA SYSTEMS

### Certificate of Service

I hereby certify that on the 28th day of November, 2017, I electronically filed the Defendant's Motion for Relief Under Rule 60 with the Clerk of Court using the CM/ECF system, which system will send notification of such filing to:

>Joseph Pia
>Chrystal Mancuso Smith
>PIA ANDERSON
>136 E. South Temple, 19th Flr
>Salt Lake City, Utah 84111

*/s/ Steele N. Gillaspey*
_____

///