1   Steele N. Gillaspey, Esq. [145935]
    **GILLASPEY & GILLASPEY**
2        ** sng@g-glaw.com
    The NBC Tower
3   225 Broadway, Suite 2220
    San Diego, California       92101
4   Telephone:        619.234.3700

5   Attorney for LAND AIR SEA SYSTEMS, INC.

6

7

8                IN THE UNITED STATES DISTRICT COURT
              IN AND FOR THE EASTERN DISTRICT OF TEXAS
9              HALL COURTHOUSE - MARSHALL DIVISION

10  VIRTUAL FLEET MANAGEMENT,        )   CASE NO.
    L.L.C.,                          )
11                                   )       **2:16-cv-01108-JRG**
                      Plaintiff      )
12            v                      )   HONORABLE J. RODNEY GILSTRAP
                                     )   United States District Court Judge
13  LAND AIR SEA SYSTEMS, INC.,      )   District Court Judge Presiding
                                     )
14                    Defendant.     )   DATE:
                                     )
15  _____ )   TIME:

16                                       CTRM:      106

17

18

19            DECLARATION OF STEELE N. GILLASPEY
               LAND AIR SEA'S MOTION AND
20         MEMORANDUM OF POINTS & AUTHORITIES
             IN SUPPORT OF RELIEF UNDER RULE 60[B]
21  ///

22

23

24  ///
25

26

27

28  ///

I, STEELE N. GILLASPEY, do state and declare as follows:

1.    I am attorney and do represent the Defendant Land Air Sea Systems, Inc., in the above entitled action.  I have personal knowledge of the following.

**EXHIBITS**

2.    Attached hereto as EXHIBIT 1 is a true and correct copy of the US Patent Office, Patent Trial & Appeal Board, Decision on Institution of Inter Pares Review, Case No. 2015-00397, Mercedes v Proximity Re: Patent 6,958,701 (June 14, 2015). I personally pulled a copy of this document from the USPTO.  It is also noted that Plaintiff also provided a copy of this document in document exchange.

3.    Attached hereto as EXHIBIT 2 is a true and correct copy of the US Patent Office, Patent Trial & Appeal Board, Petition for Inter Pares Review, Case No. 2015-00397, Mercedes v Proximity Re: Patent 6,958,701 (December 9, 2014) upon which the USPTO Institution Decision (Exhibit 1, above) was based.  I personally pulled a copy of this document from the USPTO.

4    Attached hereto as EXHIBIT 3 s a true and correct copy of the US Patent Office, Patent Trial & Appeal Board, Petition for Inter Pares Review, Case No, 2017-00845, Unified v Virtual Re: Patent 6,958,701 (February 2, 2017).  I personally pulled a copy of this document from the USPTO.

5.    Attached hereto as EXHIBIT 4 s a true and correct copy of the US Patent Office, Patent Trial & Appeal Board, Termination of Proceeding (Before Ruling on Merits) of Inter Pares Review, Case No, 2017-00845, Unified v Virtual Re: Patent 6,958,701. I personally pulled a copy of this document from the USPTO.

///

///

**REQUESTS FOR JUDICIAL NOTICE**

6.      In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the filing of US Patent Office, Patent Trial & Appeal Board, Decision on Institution of Inter Pares Review, Case No. 2015-00397, Mercedes v Proximity Re: Patent 6,958,701 (June 14, 2015).  Same is an official record of the USPTO and can be readily determined from a source whose accuracy cannot be reasonably questioned.

7.      In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the filing of US Patent Office, Patent Trial & Appeal Board, Petition for Inter Pares Review, Case No, 2017-00845, Unified v Virtual Re: Patent 6,958,701 (February 2, 2017). Same is an official record of the USPTO and can be readily determined from a source whose accuracy cannot be reasonably questioned.

8.      In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the filing of US Patent Office, Patent Trial & Appeal Board, Termination of Proceeding (Before Ruling on Merits) of Inter Pares Review, Case No, 2017-00845, Unified v Virtual Re: Patent 6,958,701. Same is an official record of the USPTO and can be readily determined from a source whose accuracy cannot be reasonably questioned.

9.      In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the fact that the case of *Proximity v AssetWorks*, Case No. 2014-00575 (ded) which involved claims of infringement of Patent 6,958,701 (also the subject matter patent of this action) was dismissed after the 2014 filing of USPTO IPR in Mercedes v Proximity.  Same is an official record of the US District Court (Delaware) and can be readily determined from a source whose accuracy cannot be reasonably questioned.

///

///

1    10.    In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the

2  Court take judicial notice of the fact that the case of *Proximity v Mercedes*, Case No.

3  2014-00576 (ded) which involved claims of infringement of Patent 6,958,701 (also

4  the subject matter patent of this action) was dismissed after the 2014 filing of

5  USPTO IPR in Mercedes v Proximity.  Same is an official record of the US District

6  Court (Delaware) and can be readily determined from a source whose accuracy

7  cannot be reasonably questioned.

8    11.    In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the

9  Court take judicial notice of the fact that the case of *Proximity v Voxx*, Case No.

10  2014-00577 (ded) which involved claims of infringement of Patent 6,958,701 (also

11  the subject matter patent of this action) was dismissed after the 2014 filing of

12  USPTO IPR in Mercedes v Proximity.  Same is an official record of the US District

13  Court (Delaware) and can be readily determined from a source whose accuracy

14  cannot be reasonably questioned.

15    12.    In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the

16  Court take judicial notice of the fact that the case of *Virtual Fleet v Telogis*, Case No.

17  2016-00592 (txed) which involved claims of infringement of Patent 6,958,701 (also

18  the subject matter patent of this action) was dismissed after the 2015 filing of

19  USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US

20  District Court (Delaware) and can be readily determined from a source whose

21  accuracy cannot be reasonably questioned.

22    13.    In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the

23  Court take judicial notice of the fact that the case of *Virtual Fleet v US Fleet*, Case

24  No. 2016-00647 (txed) which involved claims of infringement of Patent 6,958,701

25  (also the subject matter patent of this action) was dismissed after the 2015 filing of

26  USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US

27  District Court (Delaware) and can be readily determined from a source whose

28  accuracy cannot be reasonably questioned.

14.     In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the fact that the case of *Virtual Fleet v Fleetilla*, Case No. 2016-00646 (txed) which involved claims of infringement of Patent 6,958,701 (also the subject matter patent of this action) was dismissed after the 2015 filing of USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US District Court (Delaware) and can be readily determined from a source whose accuracy cannot be reasonably questioned.

15.     In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the fact that the case of *Virtual Fleet v Actsoft*, Case No. 2016-01075 (txed) which involved claims of infringement of Patent 6,958,701 (also the subject matter patent of this action) was dismissed after the 2015 filing of USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US District Court (Delaware) and can be readily determined from a source whose accuracy cannot be reasonably questioned.

16.     In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the fact that the case of *Virtual Fleet v Clever*, Case No. 2016-01107 (txed) which involved claims of infringement of Patent 6,958,701 (also the subject matter patent of this action) was dismissed after the 2015 filing of USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US District Court (Delaware) and can be readily determined from a source whose accuracy cannot be reasonably questioned.

17.     In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the fact that the case of *Virtual Fleet v Position*, Case No. 2017-00014 (txed) which involved claims of infringement of Patent 6,958,701 (also the subject matter patent of this action) was dismissed after the 2015 filing of USPTO IPR Decision in Mercedes v Proximity.  Same is an official record of the US District Court (Delaware) and can be readily determined from a source whose accuracy cannot be reasonably questioned.

18.     In accord with *Fed.R.Evid*, 201[b][2], it is respectfully requested that the Court take judicial notice of the filing of US Patent Office, Patent Trial & Appeal Board, Petition for Inter Pares Review, Mercedes v Proximity Re: Patent 6,958,701 (December 9, 2014), inclusive of exhibits filed with said Petition. Same is an official record of the USPTO and can be readily determined from a source whose accuracy cannot be reasonably questioned.

DATED: November 27, 2017                     */s/ Steele N. Gillaspey*

_____

Steele N. Gillaspey,
Attorney for Defendant,
LAND AIR SEA SYSTEMS

## Certificate of Service

I hereby certify that on the 28th day of November, 2017, I electronically filed the Gillaspey Declaration Re: Defendant's Motion for Relief Under Rule 60 with the Clerk of Court using the CM/ECF system, which system  will send notification of such filing to:

Joseph Pia
Chrystal Mancuso Smith
PIA ANDERSON
136 E. South Temple, 19th Flr
Salt Lake City, Utah 84111

*/s/ Steele N. Gillaspey*

_____

///

///